J. H. BECKWITH, *Appellant* v. R. H. ROUSSEAU, *et al.,*
*Appellees.*

Opinion Filed June 25, 1914.

Where the statute expressly requires that the County Commissioners "shall give notice for thirty days * * * that at the next regular meeting of the board after the publication of

said notice, the question of erecting a courthouse or jail or both will be acted upon by said board," and publication of such notice is first made on June 7th, and the regular meeting of the board convened on July 1st, the required notice was not given even though the meetings were adjourned from day to day till July 8th, when the action was taken.

Appealed from Circuit Court for Palm Beach County; James W. Perkins, Judge.

Order reversed.

*Atkinson, Gramling & Burdine,* for Appellant;

*M. D. Carmichael,* for Appellees.

PER CURIAM.—In a bill of complaint brought to enjoin the county commissioners of Palm Beach County from the execution of a contract for the erection of a court house, it is alleged that the statutory notice required to be given before action taken was first published on June 7, 1913, of "intention at a meeting to be held on Monday, July 7th, to consider the question of erecting a new court house in said county"; that "on the 1st day of July, A. D. 1913, the Board of County Commissioners aforesaid, met in regular session, and adjourned said meeting until nine A. M. Wednesday, July 2nd, 1913; that said Board of County Commissioners, pursuant to said adjournment, convened at nine A. M. July 2nd, 1913, and adjourned said meeting until ten A. M. July 7th, 1913; that pursuant to the adjournment just mentioned the said Board of County Commissioners convened at ten A. M. July 7th, 1913, with all the members of the board present, which said meeting was adjourned until nine A. M. Tuesday, July 8th, 1913" when the action was taken. A ground of

the demurrer interposed to the bill of complaint was that the allegations show the statutory notice was given. The demurrer was sustained and the complainant appealed.

The statute is as follows: "Whenever any Board of County Commissioners shall deem it necessary to erect any courthouse or jail, they shall give notice for thirty days in some newspaper published in said county, or in some newspaper published in the Judicial Circuit, if there be none published in the county; that at the next regular meeting of the Board after the publication of the said notice, the question of erecting a court house or jail or both, will be acted upon by said Board. If, at said meeting, a majority of said Board shall determine that it is necessary to erect such building or buildings, they may levy a building tax not exceeding five mills per annum, for five consecutive years in lieu of all other county building tax. The tax so levied shall be assessed and collected at the same time and in the same manner as other State and County Taxes are levied and collected." Chap. 5698, Sec. 1, Acts 1907.

As the statute expressly requires that the County Commissioners "shall give notice for thirty days * * * that at the next regular meeting of the Board after the publication of said notice, the question of erecting a court house or jail or both will be acted upon by said Board;" and as the publication was first made June 7th and the regular meeting of the Board convened on July 1st, the required "notice for thirty days" was not given. The fact that the regular meeting of the Board convened on July 1st, and was adjourned from day to day to July 7th and July 8th, on which latter day, more than thirty days from the first publication of the notice, the action was taken, does not render the notice sufficient, since July 8th was not a day for a regular meeting of the Board, and the notice was given for the action to be taken "at a meeting

to be held on Monday, July 7th," which meeting was not a regular but an adjourned meeting of the Board.

The order sustaining the demurrer is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.